IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL R. WARE,

    Plaintiff,

v.

DEPARTMENT OF THE INTERIOR; et al.,

    Defendants.

Civil No. 03-3080-CO

FINDINGS AND RECOMMENDATION

COONEY, Magistrate Judge:

In this action, plaintiff Michael Ware, proceeding pro se, has filed an amended complaint, alleging that defendants maintain certain records relating to him from which was relayed information to the Honorable Gordon Smith on March 16, 1999, and falsely built on yearly before and after, for twenty-four years, and the situation is ongoing. Plaintiff seeks monetary damages for economic disparity and mental disability; destruction of false records and testimony; replacement of false records with documents satisfactory to him; and a formal written apology including a restraining order. This court may have jurisdiction pursuant to 28 U.S.C. § 1346(b). Defendants have filed a motion to dismiss plaintiff's first amended complaint or, in the alternative, for summary judgment (#21). Plaintiff was advised by the court of summary judgment standards (#31). Plaintiff has filed

responses to defendants' motions. Defendants request a prefiling order against plaintiff (#49), to which plaintiff has responded.

## I. FACTS

In making the following findings of fact, the court considers the evidence in the light most favorable to the non-moving party[1]:

On February 6, 1999, plaintiff sent a letter to Senator Gordon Smith about the Rock-n-Roll Group claims. (Ex. 12.)

By letter of March 16, 1999, Bureau of Land Management (BLM) responded to Senator Gordon Smith a letter dated February 22, 1999, "on behalf of your constituent, Mr. Michael R. Ware, regarding the disposition of mining claims that he formerly held on lands in Section 31, T.37S., R.2W., Willamette Meridian, Jackson County, Oregon, near the town of Jacksonville." (Ex. A.)

On March 19, 1999, Senator Smith sent the BLM report to plaintiff. (Ex. 13.)

Plaintiff, by letter dated April 30, 1999, requested the BLM "to prove everything you said in your letter to Senator Smith is true and correct and if you can't prove it, allow me to set the record strait [sic]." (Ex. F.)

A claim for damage, injury, or death, Standard Form 95, dated "03-16-01," claiming mental injury and economic disparagement for losses of property values "Massive[,] Priceless['] unknown" along with $22,000 in personal injury, was received by the BLM on March 20, 2001. (Exs. B, E.)

---

[1] Plaintiff filed a concise statement of material facts, but did not admit or deny defendant's proposed facts as required by Local Rule 56.1(b)(1). However, plaintiff includes facts relevant to this action. Defendants object to plaintiff's facts. The court has considered defendants' objections to plaintiff's proposed facts and the court includes those facts proposed by plaintiff which are pertinent to the issues in this case and are not controverted by defendants. For purposes of this motion for summary judgment, the facts set forth by defendants which are not addressed by plaintiff in his concise statement are deemed admitted. Local Rule 56.1(f).

The Administrative Notice, exhibit B, was denied by letter dated October 4, 2001. The denial stated: "A timely request for reconsideration will extend the time in which you have to file suit in United States District Court." (Exs. C, 16.)

Plaintiff filed a "Motion for Redetermination," signed December 3, 2001. (Exs. D, 17.) The Government did not reconsider its previous denial.

The letter dated March 16, 1999, responding to Senator Smith was a routine use. (Ex. G ¶ 5 & Attach. 2.)

Plaintiff's original complaint was filed August 13, 2003.

## II. LEGAL STANDARDS

Federal courts require notice pleading. A pleading must give fair notice and state the elements of the claim plainly and succinctly, showing the party is entitled to relief. Lynn v. Sheet Metal Workers' Int'l Ass'n, 804 F.2d 1472, 1478 (9th Cir. 1986), dismissal denied, 487 U.S. 1215 (1988), aff'd, 488 U.S. 347 (1989). The court accepts plaintiff's material allegations in the complaint as true and construes them in the light most favorable to plaintiff. Abramson v. Brownstein, 897 F.2d 389, 391 (9th Cir. 1990). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim. Id..

Federal Rules of Civil Procedure Rule 8(a) requires that a complaint set forth a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim, and a demand for judgment for the relief plaintiff seeks. Rule 8(e) provides in part that each allegation in a pleading "shall be simple, concise, and direct." Rule 8 does not require extensive or technically precise pleadings, but does require the presentation of factual allegations with sufficient clarity and certainty to enable defendant to determine the basis of plaintiff's claim and to formulate

a responsive pleading. Edwards v. North Am. Rockwell Corp., 291 F. Supp. 199, 211 (C.D. Cal. 1968). The purpose of the rule is to give defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. Velasquez v. Senko, 643 F. Supp. 1172 (N.D. Cal. 1986), appeal dismissed, 813 F.2d 1509 (9th Cir. 1987). If allegations are vague, indefinite, and conclusory, defendant cannot determine the basis of the claim, and has not received fair notice of the grounds upon which the claim rests. Id.

A moving party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issues as to any material fact...." Fed. R. Civ. P. 56(c); Freeman v. Oakland Unified Sch. Dist., 291 F.3d 632, 636 (9th Cir. 2002). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002).

The moving party must carry the initial burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). The moving party meets this burden by identifying for the court portions of the record on file which demonstrate the absence of any genuine issue of material fact. Id.; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the non-movant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002), cert. denied, 537 U.S. 1106 (2003).

If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts which show there is a genuine issue for trial. Fed. R.

Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 & n.4 (1986). If the moving party presents evidence which, taken by itself, would establish the right to a directed verdict at trial, the motion for summary judgment must be granted, in the absence of any significant probative evidence tending to support the opposing party's theory of the case. THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 993-94 (9th Cir. 1980); First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 290 (1968). Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076.

The court may issue an order requiring a litigant to seek permission from the court prior to filing any future suits as a way of stemming abusive litigation. Johns v. Town of Los Gatos, 834 F. Supp. 1230, 1232 (N.D. Cal. 1993); 28 U.S.C. 1651(a). However, such prefiling orders are the exception. De Long v. Hennessey, 912 F.2d 1144, 1147-49 (9th Cir. 1990).

"A pre-filing review order may be imposed when four conditions are met: (1) plaintiff is given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) the court provides an adequate record for review, including a listing of all the cases and motions that led the court to conclude that a vexatious litigant order was needed; (3) the court makes substantive findings as to the frivolous or harassing nature of the litigant's actions; and (4) the court order is narrowly tailored." Johns, 834 F. Supp. at 1232; De Long, 912 F.2d at 1147-49 (and cases cited).

### III. DISCUSSION

**Defendants' Motion to Dismiss or for Summary Judgment**

Findings and Recommendation - 5

In his amended complaint, plaintiff alleges jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), and the Privacy Act, 5 U.S.C. § 552a. He also includes references to "Title 5," the "1872 and 1976 Mining Laws," and 28 U.S.C. § 1983, alleging violations of these statutes.

Defendants contend that plaintiff's amended complaint should be dismissed or summary judgment granted for the reasons that: 1) under the Federal Tort Claims Act (FTCA), plaintiff's administrative claim was not received by the agency within two years of the accrual of the cause of action; plaintiff's complaint was not filed within six months of the denied claim; the United States has not waived sovereign immunity for torts based upon libel, slander, or defamation; and the exclusive defendant is the United States and agencies and employees acting within the scope of their employment are not proper defendants; 2) to the extent plaintiff alleges a constitutional tort under Bivens,[2] the court lacks subject matter jurisdiction because the United States has not waived sovereign immunity; to the extent plaintiff alleges a Bivens claim against individual federal employees in an individual capacity, the action is barred by the two-year statute of limitations; and no constitutional violation is alleged because defamation in itself is not a constitutional deprivation; 3) to the extent that plaintiff alleges a common-law tort action against federal employees not acting within the scope of their employment, plaintiff fails to allege the employees are residents of different states to allege diversity jurisdiction; the complaint was not filed within the statute of limitations; plaintiff has not alleged minimum jurisdictional amount of $75,000 to allege diversity jurisdiction; and plaintiff has not made personal service upon the individual employees; and 4) any claim under the Privacy Act was not commenced within two years of the accrual of the cause of action; to the extent plaintiff alleges a failure to amend records, he has not exhausted his administrative remedies;

---

[2] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

to the extent plaintiff alleges unauthorized disclosure, disclosure was made in response to a congressional inquiry and was, therefore, a routine use; and individual federal employees are not proper defendants. Defendants further contend that plaintiff's vague and conclusionary references to disputes other than allegations concerning the March 16, 1999, letter written by the BLM to Senator Smith should be dismissed; and plaintiff has not identified any administrative decision which he claims may be subject to judicial review under the Administrative Procedures Act and any such claim should be dismissed. Plaintiff responds that defendants have not brought forth the full record; he did not receive the BLM's March 16, 2001, letter to Senator Smith until sometime later, but before his April 30, 1999, letter to the State Director and, therefore, his complaint and claim for damage, injury, or death dated March 16, 2001, was timely; the government told him that a timely request for reconsideration would extend the time to file suit in district court, he filed his motion for reconsideration which brought no response and, therefore, he is not responsible for the 6-month limitation; this is an action against the government and its employees and, therefore, defendants' references to 28 U.S.C. § 1332 are not relevant; this is not a libel or slander case and, therefore, defendants' arguments in this regard are not relevant; the minimum jurisdictional amount does not apply; and as to defendants' arguments concerning a constitutional tort, the Constitution along with laws that protect an individual's rights and privileges may be the purview of the courts, and this is not a stand-alone constitutional tort as defendants have committed unlawful acts "together and apart to form government and/or policy" and to deny the rights and privileges of plaintiff, (Pl. Resp. at 4).

The court will address defendants' arguments relating to lack of subject matter jurisdiction first.

Defendants contend that the court lacks jurisdiction over plaintiff's FTCA claim. As a

sovereign, the United States is immune from suit except as it consents to be sued. Caton v. United States, 495 F.2d 635, 637 (9th Cir. 1974). The FTCA, 28 U.S.C. §§ 2671 et seq., constitutes a waiver of the United States' sovereign immunity. Cadwalder v. United States, 45 F.3d 297, 300 (9th Cir. 1995). Therefore, the statutory requirements for pursuing a claim must be adhered to strictly. Id.

> 28 U.S.C. § 2675(a) provides in pertinent part:
>
> > An action shall not be instituted upon a claim against the United States for money damages for injury or loss or property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. . . .

Therefore, before a plaintiff may commence suit in federal court under the FTCA, plaintiff must have exhausted administrative remedies by presenting his or her claim to the appropriate federal agency within two years after the claim accrues, and having the claim denied. 28 U.S.C. §§ 2401(b), 2675(a); see McNeil v. United States, 508 U.S. 106 (1993). A claim is presented when the agency receives from the claimant an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for personal injury or injury to or loss of property alleged to have resulted by reason of the incident. Bailey v. United States, 642 F.2d 344, 346 (9th Cir. 1981) (citing 28 C.F.R. § 14.2) ("a claim is not presented until it is received"); Wardsworth v. United States, 721 F.2d 503, 505 (5th Cir. 1983). The administrative claim procedure is jurisdictional. Cadwalder, 45 F.3d at 300; Brady v. Untied States, 211 F.3d 499, 502 (9th Cir. 2000). Therefore, an action against the United States for money damages must be dismissed

for lack of subject matter jurisdiction if a proper administrative claim has not been filed by plaintiff and denied by the agency. Avila v. I.N.S., 731 F.2d 616, 618 (9th Cir. 1984); see McNeil, 508 U.S. at 113.

Further,

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Section 2401(b) "establishes to jurisdictional prerequisites: (1) timely notice of the claim filed with the responsible agency; and (2) prompt prosecution of the claim once the agency notifies the claimant that it has denied administrative relief." Gibson v. Unites States, 781 F.2d 1334, 1343 (9th Cir. 1986); Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984) ("If either requirement is not met, suit will be time barred."); see Bond v. United States, 934 F. Supp. 351, 353 (C.D. Cal. 1996). Therefore, failure to comply with either requirement will result in dismissal of the complaint.

Here, it is undisputed that BLM's response to Senator Smith was by a letter dated March 16, 1999; Senator Smith sent the BLM report to plaintiff on March 19, 1999; and plaintiff's administrative claim was presented to the BLM, that is, received by the BLM, on March 20, 2001. In arguing that plaintiff's administrative claim was not filed within two years when it was received by the BLM on March 20, 2001, it is defendants' apparent position that plaintiff's claim accrued on March 16, 1999, when the letter was written. Plaintiff argues that he did not receive the BLM's letter until some time after March 19, 1999--after Senator Smith sent him a copy, since he was not copied with the original letter from the BLM--and before April 30, 1999, when he wrote to the BLM

Findings and Recommendation - 9

concerning the March 16th letter.

The general rule is that a tort claim accrues at the time of plaintiff's injury. Dyniewicz, 742 F.2d at 486. The Ninth Circuit has determined that, in FTCA cases, "Under federal law, a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Gibson, 781 F.2d at 1344 (and cases cited) (applying rule to find that cause of action accrued when property was destroyed by fire); Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1997) ("Generally a claim accrues when the plaintiff knows, or in the exercise of reasonable diligence should know, of both the injury and its cause."); Bartleson v. United States, 96 F.3d 1270, 1277 (9th Cir. 1996) (damage to property); see In re Swine Flu Prods. Liab. Litig., 764 F.2d 637, 639-40 (9th Cir. 1985) (wrongful death claim against United States). Other courts have applied this rule in cases similar to the facts alleged by plaintiff. See Mittleman v. U. S. Dept. of Treasury, 919 F. Supp. 461, 466 (D.D.C. 1995), as amended, 929 F. Supp. 490 (D.D.C. 1996), aff'd in part, 104 F.3d 410 (D.C. Cir. 1997), on remand, 997 F. Supp. 1, 8 n.12 (D.D.C.), aff'd, No. 98-5126, 1998 WL 796298 (D.C. Cir. 1998) (claims for intentional infliction of emotional distress, false light invasion of privacy, and negligence; "Plaintiff's claim accrued, at the latest, on July 6, 1983, when she received a copy of the OPM's background report," and was on actual notice of the alleged falsities therein at that time); Moessmer v. United States, 569 F. Supp. 782, 785 (E.D. Mo. 1983), aff'd, 760 F.2d 236 (8th Cir. 1985) (claim for negligent maintenance of employment records).

The reasonable inferences from the record are that Senator Smith sent plaintiff the BLM report from Washington, D.C. on March 19, 1999, and that the letter took several days to reach plaintiff in Oregon. On this record, where there is no evidence that plaintiff had notice of the March 16, 1999, BLM letter before March 20, 1999, plaintiff's administrative claim was filed within the

two-year limitations period. Defendants' motion on this ground should be denied.

Defendants also contend that plaintiff commenced this action more than six months after the denial of his claim by the BLM on October 4, 2001. Defendants contend:

> Plaintiff may claim that the Motion to Reconsider somehow stayed this matter. In *Bond v. United States*, 934 F. Supp. 351, the Central District California, the court was faced with a similar situation. In that case, the District Court held that the regulation allowing reconsideration does not expand the waiver of sovereign immunity and that the court lacked jurisdiction. For the same reason, Plaintiffs complaint is also barred.

(Defs. Mem. at 8.) It is true that the Bond court held that the regulation allowing reconsideration of an agency's final denial of an administrative claim, 28 C.F.R. § 14.9(b),[3] does not broaden Congress' waiver of sovereign immunity. Bond, 934 F. Supp. at 356. However, the court confronted a different question than that presented here. In Bond, the government, relying on the regulation, argued that plaintiff's complaint was premature and the court lacked subject matter jurisdiction because plaintiff filed her complaint prior to exhausting her administrative remedies, where she filed her action before the agency denied her request for reconsideration. The court found that, "If the Government's construction of § 14.9 is given jurisdictional effect, it would act to reinvent, restart or waive the requirement in §§ 2401(b) and 2675(a) that suit be brought within six months of the final denial." Id. The court held that, while § 14.9 was not jurisdictional, it had some force, in that it provided grounds for a plaintiff to claim that the statute of limitations should be equitably tolled. The

---

[3] 28 C.F.R. § 14.9(b), provides in pertinent part:
(b) Prior to the commencement of suit and prior to the expiration of the 6-month period provided in 28 U.S.C. 1401(b), a claimant . . . may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. . . .

Bond court held that the regulations were not jurisdictional and, therefore, plaintiff's case was properly brought and it did not need to look at equitable tolling in the circumstances. Plaintiff had filed her action less than four months after she sent her request for reconsideration, to which the agency had not responded, and within six months of the first final denial by the agency. Bond, 934 F. Supp. at 353-54, 357. Therefore, Bond does not assist the government in resolving the issue in this case on the facts before the court.

In cases where a claimant has requested reconsideration by the agency after a final denial, the Ninth Circuit has stated:

> FTCA regulations allow a claimant to file a written request with the agency for reconsideration of a final denial of a claim. 28 C.F.R. § 14.9(b). This administrative appeal prevents the agency's denial from becoming a final denial for purposes of 28 U.S.C. § 1401(b) and tolls the six-month limitation period until either the [agency] responds or six more months pass.

Berti v. V.A. Hosp., 860 F.2d 338, 340 (9th Cir. 1988) (citing Smith v. United States, 585 F. Supp. 624, 625 (E.D. Mich. 1984), aff'd, 798 F.2d 1416 (6th Cir. 1986) ("The request for reconsideration will toll the period for filing the court action for up to six months."); Gervais ex rel. Bremner v. United States, 865 F.2d 196, 196-97, 198 (9th Cir. 1988) ("Under 28 C.F.R. § 14.9(b) a timely request for agency reconsideration, one filed within six months of the original denial, extends the time in which a claimant may file suit for six months after the filing of the request for reconsideration."; finding that a timely request for reconsideration gave appellant an additional six months to file suit in federal district court and district court had jurisdiction over claim); Jackson v. United States, CIV. No. 88-407-FR, 1989 WL 50110, at *2 (D. Or. May 1, 1989) (statute of limitations may be extended by a proper request for reconsideration).

Here, defendants do not dispute that plaintiff filed a timely request for reconsideration of the

Findings and Recommendation - 12

BLM's final denial of October 4, 2001. Under Ninth Circuit law, this timely request for reconsideration on December 3, 2001, tolled the limitations period for six months. Accordingly, plaintiff had until on or about June 3, 2002, to file his action in district court. See Gervais, 865 F.2d at 197. Plaintiff filed this action on August 13, 2003, well beyond the limitations period. Because plaintiff failed to comply with the six-month requirement of § 2401(b) and plaintiff must comply with both requirements, the court finds that plaintiff's FTCA action is time barred and the court lacks jurisdiction over any FTCA claim alleged by plaintiff. Plaintiff's FTCA claims should be dismissed.

Defendants contend that, construing plaintiff's amended complaint as a violation of a constitutional tort under Bivens, the United States and its agencies do not waive sovereign immunity; and, as against the federal employees, the action is barred by the two-year statute of limitations. Plaintiff asserts in his response: "This is an action against the government and its employees not acting individually with there [sic] own power, but the use of governmental power to make unlawful acts together and apart under color of law and/or policy." (Pl. Resp. at 3-4.) The court understands plaintiff's argument to mean that his suit is against the United States and the named federal employees in their official capacity and not in their individual capacity. Plaintiff also addresses defendants' contentions concerning a constitutional tort with references to the Fourth and Fifth Amendments, restraints on liberty, and due process, contending that defendants have committed unlawful acts together and apart "to form government and/or policy" and to deny his rights and privileges. (Pl. Resp. at 4.)

The defendants in this case are the federal government, its agencies, and federal officials or employees. A Bivens claim is the federal counterpart of a § 1983 civil rights action where the defendants are federal officials. Paton v. La Prade, 524 F.2d 862 (3rd Cir. 1975). Bivens, 403 U.S.

Findings and Recommendation - 13

at 389, 395-96, allows suits for damages against federal officials, in their individual capacities, for federal constitutional violations. See also Gilbert v. DaGrossa, 756 F.2d 1455, 1459 (9th Cir. 1985). Plaintiff must either seek relief under Bivens for direct violations of his constitutional rights by federal officials in their individual capacities or under the FTCA for common law torts committed by federal agents acting in their official capacities. Chodos v. F.B.I., 559 F. Supp. 69, 72 (S.D.N.Y.), aff'd, 697 F.2d 289 (2nd Cir. 1982).

Sovereign immunity shields the government, its agencies, and its employees in their official capacity, from suit. See F.D.I.C. v. Meyer, 510 U.S. 471 (1994). The United States has not waived its sovereign immunity for constitutional torts. Id. Therefore, plaintiff's claims against the United States, its agencies, and any employees or officials in their official capacities for constitutional torts should be dismissed.

The court has already found that the court lacks jurisdiction over plaintiff's FTCA claims. To the extent that plaintiff asserts claims against the federal employees in their individual capacities, his action is barred by the applicable statute of limitations. The same statute of limitations which applies to § 1983 claims applies to Bivens claims. Van Strum v. Lawn, 940 F.2d 406, 410 (9th Cir. 1991). Oregon's two-year statute of limitations for personal injury actions, ORS 12.110(1), governs § 1983 actions. Cooper v. City of Ashland, 871 F.2d 104, 105 (9th Cir. 1989). Plaintiff's Bivens claims accrued in 1999 and he filed his complaint on August 13, 2003, more than two years latter. Accordingly, to the extent that plaintiff alleges constitutional torts against defendants, such claims should be dismissed.

Plaintiff responds to defendants' arguments concerning common law torts that this action is not a libel and slander action, and the diversity statute is not relevant. Accordingly, to the extent that

plaintiff alleges common law torts in his complaint, such claims should be dismissed.

Defendants contend that plaintiff's claim under the Privacy Act, 5 U.S.C. § 552a, is barred by the statute of limitations. Section 552a(g)(5) provides that an action to enforce any liability under the section "within two years from the date on which the cause of action arises." Rose v. United States, 905 F.2d 1257, 1259 (9th Cir. 1990). The limitations period commences "when the person knows or has reason to know of the alleged violation." Id. As found above, the record shows that plaintiff knew of his claim sometime after March 19, 1999, when the BLM report was sent to him, and before April 30, 1999, when he wrote to the BLM in response to the report. Plaintiff filed this action on August 12, 2003. Therefore, to the extend that plaintiff's claim is for violation of the Privacy Act, it is barred by the applicable two-year statute of limitations.

The court agrees with defendants that any remaining allegations in plaintiff's amended complaint concerning disputes other than the dispute with regard to the BLM's letter to Senator Smith, are alleged in other actions brought in this court by plaintiff, or are vague and conclusory, and do not support a claim in this action, except as otherwise addressed by the court, supra. Although plaintiff refers to the Administrative Procedure Act, there are no allegation concerning review of any particular administrative decision such that the Act is implicated. Accordingly, any claim based on these allegations should be dismissed.

On this record, the court finds that defendants' motion to dismiss or for summary judgment should be granted.

**Defendants' Request for Prefiling (Vexatious Litigant) Order**

Defendants request that the court enter a prefiling vexatious litigant order as to plaintiff Michael Ware.

Findings and Recommendation - 15

Here, plaintiff was given notice and opportunity to oppose a prefiling order. Defendants made a written request in their response to plaintiff's motion to amend and, at the end of the hearing on plaintiff's motion to amend, plaintiff asked for time to respond to the request and was given six days. Plaintiff sought an extension which was granted. Plaintiff addressed defendants' request for a prefiling order in his "Motion to Revert Back to First Amended Complaint,"[4] and subsequently filed an "Answer and Objection to Government's Motion to Proceed with Prefile [sic] of Vexatious Litigant Order" after defendants indicated that they wanted to proceed on their request for a prefiling order despite plaintiff's motion to revert back to first amended complaint.

Court records indicate that plaintiff has filed five cases, as follows:

(1) Ware v. Bureau of Land Management, et al., Civ. No. 90-6312-AA: Plaintiff filed a "Petition for Review of Order of Interior Board of Land Appeals" on July 25, 1990, in which he sought review of orders and proceedings of the Interior Board of Land Appeal (IBLA), 113 IBLA 1, concerning the "Rock-N-Roll Claim." The action was dismissed by Judge Jones on in November 1990, after the court issued an order to show cause or failing to file proof of service. (See Gov. Request for Pre-Filing (Vexatious Litigant) Order (Gov. Request for Order) Attach. 3.) Plaintiff's motion for relief filed in April 2003 was denied by Judge Jones, (see Gov. Request for Order Attach. 4). In July 2003, plaintiff filed a "Counter and Cross-Claim in Federal District Court by Owner of Mining Claim–Administrative Procedure Act for Review of Decision invalidating Mining Claim–for Declaratory Judgment of Validity Abuse of Process and Civil Rights," entitled United States v. Ware. Judge Aiken granted the Government's motion to dismiss on the grounds of the statute of

---

[4] The court construed plaintiff's motion as a motion to withdraw his motion for leave to file second amended complaint and granted the motion; the second amended complaint was stricken (#57).

Findings and Recommendation - 16

limitations and for lack of jurisdiction, and judgment was entered. (see Gov. Request for Order Attachs. 5-6.) This matter is currently on appeal.

(2) <u>Ware v. United States Department of Interior's Bureau of Land Management, et al.</u>, Civ. No. 94-6479-CO: Plaintiff filed a "Complaint for Declaratory and Interlocutory Injunctive Relief " on November 29, 1994, concerning the "Blue Sky Claim." In this action, plaintiff sought an injunction to maintain his previous rights with full exempt status without encumbrance of any retroactive supplemental rules allowing his mining operations to proceed lawfully; monetary damages; reinstatement of his mining claims; and just compensation for loss of mineral rights. Defendants' motion for summary judgment on plaintiff's complaint was granted on the grounds of lack of jurisdiction and failure to state a claim for relief, defendants' motion for summary judgment as to their counterclaim was granted, and plaintiff's motion to dismiss the counterclaim was denied, (see Gov. Request for Order Attachs. 7 & 8). The court's judgment was affirmed by the Ninth Circuit, (see Gov. Request for Order Attach. 9).

(3) the instant action, <u>Ware v. Department of Interior, et al.</u>, Civ. No. 03-3080-CO: plaintiff filed a complaint on August 13, 2003, for tort claims against the United States Department of the Interior and the BLM alleging promulgation of false public record. He filed an amended complaint, which this court has addressed on defendants' motion to dismiss or for summary judgment. The court recommends that defendants' motion to dismiss or for summary judgment be granted on the grounds of lack of subject matter jurisdiction and the bar of the statute of limitations, <u>supra</u>.

(4) <u>Ware v. United States Department of Interior</u>, Civ. No. 03-3081-CO: plaintiff filed a "Petition for Review" on August 22, 2003. Plaintiff sought review of an IBLA decision concerning destruction of a road to his mining claim. Defendants' motion for summary judgment was granted

Findings and Recommendation - 17

by the court on the grounds that the IBLA's decision was not arbitrary and capricious, and judgment has been entered. Plaintiff has filed a motion for reconsideration, which is pending.

(5) <u>Ware v. Department of Interior</u>, Civ. No. 03-3099-CO: plaintiff filed a "Complaint (Petition for Review)" on October 17, 2003. Plaintiff sought review of a 1997 BLM record of decision which included the decommissioning of a road and a timber sale. This court has filed a findings and recommendation to grant defendants' motion for summary judgment on the grounds that plaintiff received adequate notice under applicable law.

Defendants contend that plaintiff's filings are frivolous, relying on the repeated filings by plaintiff of the same cases and his indication that he will be filing an action or actions in the future on these same claims. The record in this case indicates that plaintiff continues to challenge events which occurred over twenty years ago, concerning events which were the subject of former actions. <u>See</u> Pl. Resp. At 2; Pl. Concise Statement. In his submissions to the court in this case, plaintiff indicates that his second amended complaint,[5] which included allegations concerning events in 1980, was "premature," (Pl. Mot. To Revert Back to First Am. Compl. at 1; <u>see</u> Pl. Answ. and Obj. To Gov. Mot. To Proceed with Prefile [sic] of Vexatious Litigant Order at 2). The court finds that plaintiff's actions filed in district court are related actions and, in the circumstances as shown in the record, are both numerous and abusive.

Accordingly, the court recommends that a pre-filing order be entered as to plaintiff Michael Ware as to any future actions for monetary damages against the United States or its agencies, requiring plaintiff to: 1) satisfy the pleading requirements of Federal Rules of Civil Procedure 8, i.e., a statement of jurisdiction, including any allegation of waiver of sovereign immunity; if monetary

---

[5] <u>See</u> note 4.

Findings and Recommendation - 18

damages are sought, plaintiff shall identify an administrative notice; a simple statement of the operative facts; and the claim(s) for relief separately stated; and 2) certify, subject to Federal Rules of Civil Procedure 11, that the claims have not been previously litigated.

## IV. FINDINGS AND RECOMMENDATION

Based on the foregoing, it is recommended that defendants' motion to dismiss or for summary judgment (#21) be granted, and that judgment be entered dismissing this case; and that defendants' request for a prefiling order (#49) be granted and a prefiling order be entered requiring plaintiff Michael Ware, prior to the filing of any future action for monetary damages against the United States or its agencies, to satisfy the pleading requirements of Federal Rules of Civil Procedure 8, that is, pleading a statement of jurisdiction, including any allegation of waiver of sovereign immunity; if monetary damages are sought, plaintiff shall identify an administrative notice; a simple statement of the operative facts; and the claim(s) for relief separately stated; and 2) certify, subject to Federal Rules of Civil Procedure 11, that the claims have not been previously litigated.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** *The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections.* **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the**

Magistrate Judge's recommendation.

DATED this 10 day of January, 2005.

_____
UNITED STATES MAGISTRATE JUDGE