IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MICHAEL R. WARE, | ) |
| Plaintiff, | ) Civil No. 03-3080-CO |
| v. | ) O R D E R |
| DEPARTMENT OF THE INTERIOR; et al., | ) |
| Defendants. | ) |

Magistrate Judge John P. Cooney filed Findings and Recommendation on January 10, 2005, in the above entitled case. The matter is now before me pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a de novo determination of that portion of the magistrate judge's report. See 28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), cert. denied, 455 U.S. 920 (1982).

Plaintiff has timely filed objections. I have, therefore, given de novo review of Magistrate Judge Cooney's rulings.

I find no error. Accordingly, I ADOPT Magistrate Judge Cooney's Findings and Recommendation in its entirety. Defendants' motion to dismiss or for summary judgment (#21) is granted. Defendants' request for a prefiling order against plaintiff (#49) is granted. Prior to the filing of any future action for monetary damages against the United States or its agencies, plaintiff shall seek permission of the court demonstrating he can satisfy the pleading requirements of Fed. R. civ. P. 8. Specifically, plaintiff shall provide: a pleading statement of jurisdiction, including any allegation of waiver of sovereign immunity; if monetary damages are sought, plaintiff shall identify an administrative notice; a simple statement of operative facts and the claims for relief separately stated; and certify, subject to Fed. R. Civ. P. 11, that claims have not been previously litigated.

In addition, plaintiff appeals Judge Cooney's order of September 23, 2004, granting plaintiff's motion to withdraw his motion for leave to file a second amended complaint and revert back to the first amended complaint, and striking the second amended complaint and attachments (#62). Plaintiff's appeal is untimely. To the extent plaintiff argues that his failure to timely file an appeal is excusable neglect, plaintiff's argument is not well-

taken. At best, plaintiff has demonstrated that he failed to receive the order based on his failure to comply with L.R. 83.10. Accordingly, plaintiff's motion for enlargement of time to file objections to the September 23, 2004 order and notice of appeal (#64) is denied.[1]

DATED this __13th__ day of April, 2005.

                                            __/s/ Michael R. Hogan__
                                            United States District Judge

---

[1] To the extent plaintiff seeks to file additional objections to Judge Cooney's January 10, 2005 order, the objections are timely and have been considered by the court.

3 - ORDER